# United States Court of Appeals
### For the Eighth Circuit
_____

No. 19-2684
_____

United States of America

*Plaintiff - Appellee*

v.

Shari Ann Natysin, also known as Shari Ann Johnson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: April 16, 2020
Filed: July 16, 2020
_____

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.
_____

GRASZ, Circuit Judge.

Shari Ann Natysin pled guilty to nine counts of wire fraud in violation of 18 U.S.C. § 1343, two counts of tax evasion in violation of 26 U.S.C. § 7201, and one count of making and subscribing a false tax return in violation of 18 U.S.C. § 7206(1).

The district court[1] sentenced her to 46 months in prison on the wire fraud and tax evasion counts and 36 months on the tax return count to be served concurrently. In determining the 46-month sentence, the district court applied a 2-level enhancement under the United States Sentencing Guidelines Manual ("Guidelines" or "U.S.S.G.") § 3B1.3 for abusing a position of private trust. On appeal, Natysin argues the 2-level enhancement is inapplicable because she was not in a position of trust. We disagree and affirm the district court's application of the § 3B1.3 enhancement.

"We review the legal component of the abuse of trust determination de novo and the district court's factual findings for clear error." *United States v. Walker*, 818 F.3d 416, 423 (8th Cir. 2016) (quoting *United States v. Anderson*, 349 F.3d 568, 573 (8th Cir. 2003)). The government has the burden of proving the two elements of the sentencing enhancement by a preponderance of the evidence: first, the defendant occupied a position of public or private trust, and second, the defendant used the position "in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3; *see also Walker*, 818 F.3d at 423. Natysin only challenges the enhancement on the grounds that she did not occupy a position of private trust. Such a position is "characterized by professional or managerial discretion" and is ordinarily "subject to significantly less supervision than employees whose responsibilities are primarily non-discretionary in nature." U.S.S.G. § 3B1.3 n.1.

Natysin has not identified a clearly erroneous factual finding, and we are convinced her position included sufficient managerial discretion to support the application of § 3B1.3. The victim company used accounting software called Quickbooks to monitor its financial information in detail, including payroll. Natysin's position as "office manager and bookkeeper" included the responsibility to maintain

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

the company's Quickbooks and the discretion "to structure it any way she saw fit." Natysin used this discretion to facilitate and conceal her fraudulent payroll scheme. After submitting false payroll information through the victim company's payroll software, Natysin reorganized the way Quickbooks reported the victim company's finances in order to conceal the false payments. As a result, Natysin funneled hundreds of thousands of dollars to herself undetected.

Although the victim company had the ability to inspect Natysin's reports and review the Quickbooks entries, the fact that no one did so "is itself evidence that she held a position of trust." *United States v. Brelsford*, 982 F.2d 269, 272 (8th Cir. 1992). The owner of the victim company testified he had a negligible understanding of bookkeeping software, and that he relied on Natysin to manage the company's finances. It is clear Natysin would not have been able to commit or conceal her fraud if not for the discretion she was granted through her position in the company. Though there is an element of broken trust in every fraud scenario, the evidence here showed the victim company placed special trust in Natysin such that she occupied a position of trust within the company.

Natysin abused a position of private trust and thus the 2-level sentencing enhancement was warranted. We therefore affirm.

_____